In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-519 CR


NO. 09-04-520 CR


NO. 09-04-521 CR


____________________



JOHNNY GORDON TEETERS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 81182, 81184 and 81185






MEMORANDUM TO CLERK



 You are directed to make the following corrections in the Memorandum Opinion
dated January 19, 2005:

 On Page 1, in the style of the case, change "Trial Cause Nos. 81882, 81884 and
81885" to "Trial Cause Nos. 81182, 81184 and 81185".

 You will give notice of these corrections in the original Memorandum Opinion by
sending a copy of the corrected page accompanied by this memorandum to all interested
parties who received a copy of the original Memorandum Opinion.

 Entered this the 26th day of January, 2005.

 PER CURIAM








In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-519 CR


NO. 09-04-520 CR


NO. 09-04-521 CR


____________________



JOHNNY GORDON TEETERS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 81182, 81184 and 81185






MEMORANDUM OPINION (1)


 Johnny Gordon Teeters was convicted and sentenced on three separate indictments
for the offense of indecency with a child. Teeters filed notices of appeal on December 3,
2004. In each case, the trial court entered a certification of the defendant's right to appeal
in which the court certified that this is a plea-bargain case, and the defendant has no right
of appeal. See Tex. R. App. P. 25.2(a)(2). The trial court's certifications have been
provided to the Court of Appeals by the district clerk.

 On December 8, 2004, we notified the parties that the appeal would be dismissed
unless amended certifications were filed within thirty days of the date of the notices and
made a part of the appellate records. See Tex. R. App. P. 37.1. The records have not
been supplemented with amended certifications. Because a certification that shows the
defendant has the right of appeal has not been made part of the record, the appeals must
be dismissed. See Tex. R. App. P. 25.2(d).

 Accordingly, we dismiss the appeals for want of jurisdiction.

 APPEALS DISMISSED.

 PER CURIAM


Opinion Delivered January 19, 2005

Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.